UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:11-CR-00025-TBR-LLK-1

**DANIEL JULIAN LAPORTE**                                                                                                    **MOVANT/DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                                                                                              **RESPONDENT/PLAINTIFF**

### FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court on Movant's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Docket Number 29), to which the United States responded in opposition (DN 31), and Movant replied (DN 35). The Court referred this matter to the undersigned Magistrate Judge for findings of fact and recommendation. DN 30. The matter is ripe for determination.

The Magistrate Judge RECOMMENDS that the Court DENY the 2255 motion because Movant's sole claim is predicated on a recent Supreme Court decision, *Johnson v. United States*, 135 S.Ct. 2551 (June, 2015), that has no applicability to the facts of this case.

### Background facts and procedural history

In February, 2012, Movant pled guilty, pursuant to a written plea agreement, to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The plea agreement contained a provision waiving Movant's right to file a direct appeal and "to contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise." Plea agreement, DN 19, paragraph 12. In exchange for a plea of guilty, the United States agreed to "recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range." DN 19, paragraph 10.

1

The Presentence Investigation Report calculated Movant's Guideline Range to be 100 to 125 months. This range was based on Movant's Base Offense Level of 24 and on a finding that he committed the Section 922(g)(1) offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Presentence Investigation Report, DN 28, paragraphs 25 and 74.

Movant does not dispute that he has one prior controlled substance felony conviction. He argues that his prior conviction pursuant to Kentucky Revised Statutes (KRS) 508.025 (assault in the third degree) was erroneously classified as a "crime of violence" contrary to *Johnson v. United States*, 135 S.Ct. 2551 (June, 2015).

In August, 2012, the Court sentenced Movant to a 100-month term of imprisonment. DN 27. Movant did not file a direct appeal. He filed the present 2255 motion -- soon after *Johnson* was decided -- in October, 2015.

## *Johnson* does not apply to the facts of this case.

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), imposes a statutory mandatory minimum sentence of 15 years where the defendant has three or more earlier convictions for a "serious drug offense" or a "violent felony." *Johnson* at 2255.

Section 924(e)(2)(B) defines "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year ... that --

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another** *(emphasis added)*;

*Johnson* held that Sub-section (B)(ii), the so-called "residual clause" of the ACCA, is unconstitutionally vague and "denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557.

2

The United States Sentencing Guidelines also contain a "residual clause." United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(a) provides that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instance offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.2 states that:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another** *(emphasis added)*.

Movant relies on *Johnson* for the proposition that the Guideline Range of 100 to 125 months under which he was sentenced is now invalid.

*Johnson* is inapplicable to the facts of this case because Movant was not sentenced as an Armed Career Criminal. He was classified as a career offender for Guidelines purposes due to his prior controlled-substance felony and his prior felony crime of violence, i.e., third-degree assault in violation of KRS 508.025. However, the KRS 508.025 conviction was deemed a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1) -- not the residual clause, U.S.S.G. § 4B1.2(a)(2).

An element of KRS 508.025 is that the defendant "[r]ecklessly, with a deadly weapon or dangerous instrument, or intentionally causes or attempts to cause physical injury to" certain other persons. This satisfies the definition "crime of violence" at U.S.S.G. § 4B1.2(a)(1). See *United States v. Guevara-Barcenas*, 2014 WL 5685571 (E.D.Ky.) ("Guevara's previous conviction for Third Degree Assault under KRS § 508.025[] was [a crime of violence as contemplated by the Guidelines]").

3

The Presentence Investigation Report and the Court properly classified Movant's prior KRS 508.025 conviction as a "crime of violence," and *Johnson* – even if it had been decided before the report and the Court classified Movant's KRS 508.025 conviction – has no bearing on that result.

**Respondent's remaining defenses are not of case-dispositive significance.**

Respondent argues that, pursuant to the terms of the written plea agreement, Movant waived his right to bring the present 2255 motion and, alternatively, the motion is subject to dismissal as having been filed outside the 1-year period of limitation established by 28 U.S.C. § 2255(f).

Section 2255(f) provides, in pertinent part, that: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from ... (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[1]

In a recent "to be published" opinion, the Sixth Circuit held that *Johnson* announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *In re Watkins*, ___ F.3d ___, 2015 WL 9241176 (December, 2015) (quoting 28 U.S.C. § 2255(h)(2)).

If *Johnson* were applicable to the facts of this case, it would not be a simple matter for the Court to conclude that Movant waived his right to the benefits of a previously-unavailable rule of constitutional law made retroactively applicable to cases on collateral review and/or that he filed his 2255 motion late. Because *Johnson* is inapplicable to the facts of this case, judicial economy counsels in

---

[1] In its entirety, 28 U.S.C. § 2255(f) states that:
"(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

4

favor of declining to rule on these important matters in a case where they are not of case-dispositive significance.  At least one court within this circuit has recently expressed a similar reluctance.  See *Logan v. United States*, 2016 WL 96179 (W.D.Mich., January, 2016) ("The Court agrees that even if *Johnson* applied, Movant still qualifies as a career offender under the Guidelines, and thus needs not determine ... whether *Johnson* applies retroactively to guidelines issues raised in collateral attacks").

### A certificate of appealability should not issue.

Before Movant may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed.R.App.P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

The Court is satisfied that jurists of reason would not find the Court's decision to deny Movant's 2255 motion to be debatable or wrong.  Therefore, the Court should deny a COA.

### RECOMMENDATION

The Magistrate Judge RECOMMENDS that the Court DENY Movant's Section 2255 motion (DN 29) and DENY a certificate of appealability.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984).