UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CR-00025-TBR

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.

DANIEL JULIAN LAPORTE                                       DEFENDANT/PETITIONER

**MEMORDANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant/Petitioner Daniel Julian Laporte's motion to vacate pursuant to 28 U.S.C. § 2255. (DN 29). The United States has filed a response. (DN 31). Laporte has replied. (DN 35). This Court referred the matter to Magistrate Judge King for a report and recommendation. (DN 30). A report and recommendation has been issued. (DN 36). Laporte filed an objection. (DN 37). The matter is now ripe for decision. For the foregoing reasons, Laporte's motion to vacate is DENIED.

BACKGROUND

Defendant Daniel Julian Laporte was indicted by a grand jury on two counts of being a felon in possession of a firearm in violation of Title 18, U.S.C. §§ 922(g)(1) and 924(a)(2). (DN 1). Laporte signed a plea agreement pursuant to Rule 11(c)(1)(B) and pled guilty to both charges against him. (DN 19).

The presentence investigative report calculated that, pursuant to U.S.S.G. § 2K2.1(a)(2), Laporte had a base offense level of 24 because he committed "any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." (DN 28). Laporte's prior convictions were for trafficking in a controlled substance in the first degree and assault in the third degree.

Laporte's total offense level was calculated to be 25 with a criminal history category of V, which carried a guideline imprisonment range of 100 to 125 months. The United States recommended that Laporte receive a sentence of 100 months. Laporte's sentencing hearing was held on August 14, 2012. On August 16, 2012, this Court sentenced Laporte to a 100-month term of imprisonment. Laporte did not file a direct appeal.[1]

On September 28, 2015, Laporte filed his motion to vacate pursuant to 28 U.S.C. § 2255. (DN 29). Laporte argues that the recently decided case *Johnson v. United States* should be applied to his case. 135 S. Ct. 2551, 2555, 192 L. Ed. 2d 569 (2015). Laporte argues that, if the rationale of *Johnson* is applied, Laporte's prior conviction for assault in the third degree cannot be considered a crime of violence and therefore Laporte's sentencing must be amended. The Court finds that the rationale of *Johnson* does not apply to this case and therefore will deny Laporte's motion to vacate.

## STANDARD

A prisoner may request that her sentence be set aside on the grounds that it was "imposed in violation of the Constitution or laws of the United States." 28 USCS § 2255(a). "The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction," but only "when the error qualifies as a 'fundamental defect which

---

[1] As part of his plea agreement Laporte waived his right to appeal or collaterally attack his sentence except pursuant to 18 U.S.C. § 3742. The United States argues this waiver and the statute of limitations bar this appeal. The Sixth Circuit has ruled that "*Johnson* announced a substantive rule" that is "categorically retroactive to cases on collateral review." *In re Watkins*, 810 F.3d 375, 383-84 (6th Cir. 2015). However, this Court will refrain from addressing the United States' arguments because this Court finds *Johnson* is inapplicable to this case. *See e.g. United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015); *Logan v. United States*, 2016 WL 96179, at *3 (W.D. Mich. Jan. 8, 2016) (The Court agrees that even if *Johnson* applied, Movant still qualifies as a career offender under the Guidelines, and thus needs not determine whether Movant's argument was procedurally defaulted or whether *Johnson* applies retroactively to guidelines issues raised in collateral attacks).

inherently results in a complete miscarriage of justice.'" *Slater v. United States*, 38 F. Supp. 2d 587, 589 (M.D. Tenn. 1999) (*quoting Reed v. Farley*, 512 U.S. 339 (1994)).

## DISCUSSION

"Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. §924(e)(2)(B). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis in original) *Id*. "The closing words of this definition, italicized above, have come to be known as [ACCA's] residual clause." *Id*. The Supreme Court decided four cases attempting to define the scope of the residual clause. *Id*. at 2556 (collecting cases). In *Johnson*, the Supreme Court held the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557.

Laporte argues the rationale of *Johnson* should be applied to the sentencing guidelines. Laporte was sentenced pursuant to U.S.S.G. § 2K2.1(a)(2), which sets a base offense level for unlawful possession of a firearm at 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a drug offense. A "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. (emphasis added) U.S.S.G. § 4B1.2(a).

3

Laporte argues that the final clause of U.S.S.G. § 4B1.2(a), which parallels the language of the ACCA's residual clause, should be held to be unconstitutionally vague. Accordingly, Laporte argues his prior conviction for assault in the third degree would not be considered a crime of violence and his sentencing should be recalculated.

The Court finds that even if Laporte's argument that *Johnson* applies to the sentencing guidelines is correct, it does not affect Laporte's sentencing because Laporte's prior conviction for assault in the third degree still qualifies as a "crime of violence" under the first definition found in U.S.S.G. § 4B1.2(a). This definition defines a "crime of violence" as one which has "as an element the use, attempted use, or threatened use of physical force against the person of another." Laporte's conviction of assault in the third degree under KRS 508.025 meets this definition, as it requires a person act "recklessly, with a deadly weapon or dangerous instrument, or intentionally causes or attempts to cause physical injury." *See e.g. United States v. Guevara-Barcenas*, 2014 WL 5685571, at *7 (E.D. Ky. Nov. 4, 2014) (holding prior conviction for assault in the third degree under KRS 508.025 "involved the use, and attempted use of physical force" and was "properly classified as a 'crime of violence'"). Accordingly, since Laporte's prior conviction for assault in the third degree meets the first definition for "crime of violence," the potential application of *Johnson* to U.S.S.G. § 4B1.2(a) is irrelevant. *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015); *Logan v. United States*, 2016 WL 96179, at *4 (W.D. Mich. Jan. 8, 2016); *see also United States v. Bernardini*, 616 F. App'x 212, 213 (6th Cir. 2015).

The appeal of a dismissal of a habeas petition is governed by 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is also dismissed on procedural grounds, then the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 478.

The substantive analysis in this case does not afford an opportunity for reasonable jurist to disagree. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

This Court has conducted a *de novo* review of the Magistrate Judge's report and recommendation and the objection filed thereto. For the foregoing reasons, IT IS HEREBY ORDERED that the Court ADOPTS the findings of fact and conclusions of law as set forth in the report submitted by the United States Magistrate Judge.

IT IS FURTHER ORDERED that Laporte's § 2255 habeas petition (DN 29) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to all claims raised by Laporte's habeas petition, because the Court finds that reasonable jurists could not find it debatable whether Smallwood has stated a valid claim of the denial of a constitutional right or whether a plain procedural bar exists.

An appropriate Judgment will issue separately in conjunction with this Order.

cc:     Daniel J. Laporte, *pro se*