UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CR-00025-TBR

DANIEL JULIAN LAPORTE,                               PETITIONER-APPELLANT

v.

UNITED STATES OF AMERICA,                            RESPONDENT-APPELLEE

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on remand from the Sixth Circuit Court of Appeals for the limited purpose of determining whether to reopen the appeal period for Petitioner-Appellant Daniel Julian Laporte under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. For the reasons stated herein, the Court will **GRANT** Laporte's motion.

BACKGROUND

In 2012, Laporte pled guilty to two counts of the crime of Possession of a Firearm by a Convicted Felon and was sentenced to 100 months imprisonment. [DN 27.] Laporte filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence, [DN 29], which this Court denied on February 29, 2016. [DN 38; 39.] The Court sent copies of its order and judgment to Laporte at his listed address at the Federal Correctional Institution in Memphis, Tennessee. Nearly five months later, however, on July 22, 2016, Laporte sent a letter to the Court requesting an update on the status of his "pending" § 2255 motion, noting that he had been experiencing problems receiving his mail. [DN 40.] The Court again sent Laporte copies of its order and judgment adopting the Magistrate Judge's Findings of Fact and Recommendation, denying his § 2255 motion, and denying a certificate of appealability. [DN 40.] Soon thereafter, Laporte filed a notice of appeal with the Sixth Circuit Court of Appeals. [DN 41.]

1

The Sixth Circuit noted that Laporte's time for filing a notice of appeal expired on April 29, 2016, thirty days after the Court's February 29, 2016 judgment, and therefore that his August notice of appeal was late. *Laporte v. United States*, No. 16-6260, slip op. at 1 (6th Cir. Feb. 8, 2016) (citing Fed. R. App. P. 4(a), 26(a)). In response to a show-cause order from the Sixth Circuit, Laporte claimed

> that the last item he received from the district court was the January 15, 2016 magistrate judge's report and recommendation; that he only learned about the district court's decision after he inquired into the status of his case in a July 22, 2016 letter to the district court; that he understood "the average time frame for a ruling on a 2255 motion is 1.5 years with 3 three years being the normal time frame"; that he has filed other documents in a timely fashion; that there have been mail problems at the prison; that he immediately appealed after he learned of the decision; and that the appeal should not be dismissed because the delay in filing his notice of appeal was not his fault. Laporte asserts that "minimal time passed when he received the order and judgment" and asks this court to grant him permission to have his appeal heard or to construe his notice of appeal as a motion to reopen the appeal period pursuant to Federal Rule of Appellate Procedure 4(a)(6).

*Id.* at 1–2. The Sixth Circuit construed Laporte's notice of appeal and his response to the court's show-cause order as a motion pursuant to Rule 4(a)(6) to reopen the time to file an appeal, and remanded to this Court for a determination of whether Laporte's motion should be granted. *Id.* at 3–4.

## DISCUSSION

Rule 4(a)(6) "provides an avenue for relaxing the time period for appeal in cases in which the litigant failed to receive notice of entry of judgment." *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015) (citing Fed. R. App. P. (4)(a)(6)). Rule 4(a)(6) allows a district court to reopen the appeal period provided it finds the following three conditions are met: 1) the movant did not receive notice of the entry of judgment within 21 days after its entry, 2) the movant files a 4(a)(6) motion within 180 days of the entry of judgment or 14 days after receiving notice,

2

whichever is earlier, and 3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6)(A)–(C).

First, the Court is satisfied that Laporte did not receive notice of the Court's February 29, 2016 judgment within 21 days after its entry. Laporte, who has proceeded *pro se* throughout his habeas proceedings, consistently met deadlines, responded to the Court, and made proper filings. Although the Court sent copies of its February 29, 2016 order and judgment to the address listed for Laporte, the Court is persuaded by Laporte's argument that he had experienced issues with receiving his mail at the prison and never received the documents. The Court is further convinced by the fact that, after inquiring about the status of his § 2255 motion and receiving new copies of the order and judgment five months later, Laporte promptly filed a notice of appeal. [*See* DN 40, 41.] Accordingly, the Court finds the first requirement of Rule 4(a)(6) satisfied.

Second, the Court finds that Laporte filed his notice of appeal (which the Court construes as a Rule 4(a)(6) motion) within 14 days, the earlier of the two time periods listed in Rule 4(a)(B)(6), of receiving notice of the Court's judgment. *See* Fed. R. App. P. 4(a)(6)(B) (180 days after judgment is entered or 14 days after notice is received, "whichever is earlier.") The Court mailed another copy of its judgment to Laporte on July 22, 2016. [DN 40.] The proof of service attached to Laporte's notice of appeal was signed by him on August 3, 2016 and was postmarked on the same date. [DN 41 at 2–3.] *See* Fed. R. App. P. 4(c) (An inmate's notice of appeal is timely "if it is deposited in the institution's internal mail system on or before the last day for filing and **(A)** it is accompanied by: **(i)** a declaration . . . or a notarized statement . . . setting out the date of deposit and stating that first-class postage is being prepaid; or **(ii)** evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was

prepaid."); *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016) ("The prison mailbox rule has been long established, and we have recognized the typical rule that a *pro se* prisoner's notice of appeal is deemed 'filed at the time [*pro se* prisoner] delivered it to the prison authorities for forwarding to the court clerk.'" (citations omitted)). Accordingly, this requirement, too, is satisfied.

Third, the Court finds that no party will be prejudiced if Laporte's time to appeal is extended, and therefore that the final Rule 4(a)(6) requirement is also satisfied. *Cf. Freeman v. United States*, No. 1:94-CR-014, 2006 WL 572004, at *1 (E.D. Tenn. Mar. 8, 2006) ("The court finds that no party would be prejudiced by reopening the time to file an appeal."); *Lige v. Metrish*, No. 07-14871, 2010 WL 3952277, at *1 (E.D. Mich. Oct. 8, 2010) ("The Court also finds that no party would be prejudiced by a reopening of the time to file an appeal.") Because each of these conditions is satisfied, the Court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." Fed. R. App. P. 4(a)(6).

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Laporte's Rule 4(a)(6) motion is **GRANTED**. Laporte shall have **fourteen (14)** days from the entry of this order, that is, until **March 7, 2017**, to file an appeal of this Court's order and judgment denying his § 2255 motion.

cc:

Daniel Julian Laporte
13654-033
Memphis
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 34550
Memphis, TN 38184
*Pro se*